HARRIS ET AL., D. B. A. HARRIS BROTHERS, *v.* STOLEY,
D. B. A. SANITARY LAUNDRY.

(Decided March 12, 1929.)

*Mr. Walter S. Hutchison,* for plaintiffs in error.
*Messrs. Schwab & Heiser,* for defendant in error.

WASHBURN, J.   Harris Bros. contracted with W.
J. Stoley to convey from the railroad to Stoley's
place of business a certain machine, which, while
being so conveyed in a truck of Harris Bros., was
damaged when it slid off of said truck.   Harris Bros.
employed Elton's Towing Service to help in put-
ting said machine back onto said truck, and in doing
so said machine was further damaged.

Stoley sued Harris Bros. and recovered a judg-
ment for $1,000 for damage to said machine.

In this error proceeding, Harris Bros. claim that
the trial court erred in overruling their motion for
a directed verdict, and in charging the jury, and in
the exclusion of evidence, and claim that the judg-
ment is against the manifest weight of the evidence.

Harris Bros. were either common carriers or

private contract carriers of said machine, and the petition contained allegations sufficient to charge them with liability if they were acting in either capacity.

The court charged the jury that, if Harris Bros. were engaged as common carriers in transporting the machine of Stoley, and failed to safely transport, but, on the contrary, injured and damaged the same, they were liable; or, if they were engaged in transporting Stoley's machine as private contract carriers, and were negligent in operating, managing, and controlling the truck at the time the machine fell from the truck, "and were negligent in reloading or attempting to reload the same," and such negligence was the proximate cause of the injury to the machine, they were liable.

It is contended that it was error to thus charge that Harris Bros. were liable for the negligence of the Elton Towing Company in reloading the machine.

The record discloses that Harris Bros., without consulting Stoley, engaged and worked with the Elton Towing Company in reloading the machine, and that Stoley took no part in the transaction; the Elton Towing Company was not the agent of Stoley and had no contract relation with him; and, under such circumstances, the Elton Towing Company was not an intervening, independent agency, but was the agent of Harris Bros.

If the Elton Towing Company be considered as an independent contractor, the result is the same, for the hiring of the transportation of goods is a bailment, and the bailee is liable, not only for his own negligence and the negligence of his servants

while acting in the course of their employment, but for the negligence of an independent contractor to whom he intrusts the goods. There was no error in that part of the charge.

It is further claimed that the court erred in defining a common carrier as follows:

"I charge you that a common carrier is one who hauls, carries or transports goods or property, and holds himself or themselves out to the public as being willing to serve the public indiscriminately to the limits of his or their capacity, though he requires a written contract before transporting the goods or property. The test is, did he or they hold themselves out to the public as being willing to serve the public to the limit of his or their capacity?"

We do not find that this was error, but, if it was, there is nothing in the record by which we may know whether the jury found the Harris Bros. liable as common carriers or for negligence as private carriers, and, that being so, we could not reverse for such error.

"1. Where the jury, by their verdict, 'find the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

"2. In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other." *Sites* v. *Haverstick,* 23 Ohio St., 626. See, also, *State, ex rel. Lattanner,* v. *Hills,* 94 Ohio St., 171, 113 N. E., 1045, L. R. A., 1917B, 684.

"While it is the duty of counsel to his client in

the trial of a cause, to save exceptions to all errors committed by the court, it is equally the duty of counsel to the court to submit special interrogatories to determine whether the error, if any, shall operate to defeat substantial justice." *Jones* v. *Erie Rd. Co.*, 106 Ohio St., 408, 140 N. E., 366.

The fact that the court did not define a private contract carrier was not an error; there being no request to do so.

Two photographs of the damaged machine were offered in evidence by Harris Bros. One was admitted and the other excluded. Both should have been admitted. But that error was plainly not prejudicial.

Harris Bros. offered proof that they were not operating under any public franchise, which evidence was not admitted; an exception was noted and error is claimed because of such ruling, but the record discloses that, previous to such ruling, John Harris, of the Harris Bros., had testified, without objection, that they did not "have a franchise with the Public Utilities Commission," and there was no evidence to the contrary; hence Harris Bros. were not prejudiced by said ruling. Moreover, as has been said, we cannot say that the jury found Harris Bros. liable as common carriers.

It is further urged that there was no evidence that the machine was owned by Stoley, or that Harris Bros. were negligent, and that therefore their motion for a directed verdict should have been granted; and that in any event the finding of the jury that Stoley was such owner and that Harris Bros. were negligent is manifestly against the weight of the evidence.

537

We find that there was evidence of Stoley's owner-
ship of the machine, and no evidence to the con-
trary, and that the jurors were justified in finding
in favor of Stoley on his claim that Harris Bros.
were negligent and that such negligence was the
proximate cause of the damage to said machine.

*Judgment affirmed.*

FUNK, P. J., and PARDEE, J., concur.